PER CURIAM.
We are called to evaluate the final order of the Department of Revenue sustaining a civil tax assessment against Jesus Valdez under the provisions of section 212.0505, Florida Statutes (1988), on the unlawful transportation of approximately 90 kilograms of cocaine. The issue raised is whether the Department erred in concluding that the exclusionary rule did not apply in the instant administrative proceedings challenging the tax assessment. Although the exclusionary rule is generally inapplicable to such collateral civil proceedings, United States v. Janis, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976); Tirado v. Commissioner of Internal Revenue, 689 F.2d 307 (2d Cir.1982), a narrow exception to this rule may be found under circumstances involving “egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained” [footnote omitted]. Immigration and Naturalization Service v. Lopez-Mendoza, 468 U.S. 1032, 1050-51, 104 S.Ct. 3479, 3489, 82 L.Ed.2d 778, 793 (1984); see also Adamson v. Commissioner of Internal Revenue, 745 F.2d 541 (9th Cir.1984). However, the facts as referenced in the Eleventh Circuit Court of Appeals’ decision in United States v. Valdez, 931 F.2d 1448 (11th Cir.1991), and in the Department’s final order do not transgress the narrow exception articulated in either Lopez-Mendoza or Adamson.
AFFIRMED.
ERVIN and WOLF, JJ., and WENTWORTH, Senior Judge, concur.